# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| LAFAYETTE TEXACO, INC., <br> MIKE MCCULLERS and STACI <br> MCCULLERS, | * <br> * <br> * | |
| Plaintiffs, | * <br> * | |
| v. | * <br> * | Case No. 3:08CV406 |
| KEITH SMITH, JASON JANES, <br> MIKE BURKS, MARK <br> PARISH, MOORE OIL COMPANY, INC. | * <br> * <br> * <br> * <br> * | JURY TRIAL DEMANDED |
| Defendants. | * | |

RECEIVED
2009 MAY 29 P 4: 25
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

### STATEMENT OF JURISDICTION

This Court has jurisdiction over the subject matter of this Complaint, pursuant to 28 U.S.C. 1331 as Count I arises under the laws of The United States.

### STATEMENT OF PARTIES

1. Plaintiff Lafayette Texaco, Inc. is a domestic corporation with its principle business in Chambers County, Alabama. Plaintiffs Mike and Staci McCullers are both residents of Tallapoosa County, Alabama.

2. Defendant Keith Smith, upon information and belief, is a citizen of the State of Alabama and a manager with Defendant Moore Oil Company, Inc.

3. Defendant Jason Janes, upon information and belief, is a citizen of the State of Alabama.

4. Defendant Mike Burkes, upon information and belief, is a citizen of the State of Alabama.

5. Defendant Mark Parish, upon information and belief, is a citizen of the State of Alabama.

6. Defendant Moore Oil Company, Inc. is a domestic corporation doing business in Chambers County, Alabama.

## STATEMENT OF FACTS

7. Plaintiffs reallege paragraphs 1-6 as if set forth here in full.

8. From January 2006, through the present, the Plaintiffs were and are in the business of the retail sale of, among other things, gasoline.

9. Defendant Moore Oil Company, Inc. is the provider of fuel to the Plaintiffs.

10. The individual Defendants are all employees of Defendant Moore Oil Company, Inc.

11. From January 2006 through the present, the individual Defendants have been entrusted by Defendant Moore Oil Company, Inc. with delivering the agreed upon amount of fuel to the Plaintiffs.

12. During said time period, the individual Defendants have stolen and/or converted said fuel, and failed to provide the full amount of fuel which was agreed upon between the Plaintiffs and Defendant Moore Oil Company, Inc.

13. Notwithstanding the fact that the Plaintiffs have not received all of the fuel they have contracted to receive by the Defendants, the Defendants have billed the Plaintiffs, consistently over the past two years for the full amount of fuel contracted for, even though said amount was not delivered to the Plaintiffs.

14. Additionally, Plaintiffs and Defendant Moore Oil Company, Inc. have an agreement, which was originally between the Plaintiffs and Price Oil Company, which

filed for bankruptcy protection and ceased operations. Defendant Moore Oil Company, Inc. assumed the duties of the Price Oil contract and is bound by all of its terms.

15. In said contract, Defendant Moore Oil Company, Inc. has agreed to charge the Plaintiffs a certain price for fuel and freight.

16. Notwithstanding this, Defendant Moore Oil Company, Inc. has continued to charge a different and higher amount to the Plaintiffs for the fuel, and Defendant has continued to send the Plaintiffs invoices for payment, by use of the United States Mails, based upon the incorrect pricing.

17. As a result of the Defendants' theft, conversion, false invoicing, and breach of contract between the parties, the Plaintiffs have suffered significant damages.

## COUNT I
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS

18. Plaintiffs reallege paragraphs 1-17 as if set forth here in full.

19. From January 2006 through the present, Defendant Moore Oil Company, Inc. sent false invoices to the Plaintiffs for payment for fuel it did not receive. Furthermore, Defendant included charges which were not agreed upon between the parties.

20. This conduct by Defendant Moore Oil Company, Inc. was a scheme or artifice to defraud the Plaintiffs out of money.

21. Defendant Moore Oil Company, Inc. perpetrated this fraud through a pattern of racketeering activity, in violation of 18 U.S.C. 1341, in that Defendant Moore Oil Company, Inc. used or caused the mails of the United Stated States to be used in furtherance of this scheme or artifice to defraud, on more than one occasion.

22. Alternatively, Defendant Moore Oil Company, Inc. used or caused the mails of the United States to be used in furtherance of this scheme or artifice to defraud Plaintiffs, on more than one occasion.

23. Alternatively, Defendant Moore Oil Company, Inc. perpetrated this fraud trough a pattern of racketeering activity, to wit, it violated 18 U.S.C. 1343, in that Defendant Moore Oil Company, Inc. used or caused electronic or other wired means to be used in furtherance of this scheme or artifice to defraud Plaintiffs on more than occasion.

24. Defendant Moore Oil Company, Inc. received income for the enterprise through a pattern of racketeering activity.

25. This activity effects interstate commerce.

26. These activities on the part of Defendant Moore Oil Company, Inc. constitute a violation of 18 U.S.C. 1962(a).

27. Plaintiffs were injured in their property as a result of this conduct.

**WHEREFORE**, Plaintiffs request damages commensurate with 18 U.S.C. § 1964.

## COUNT II
## CONVERSTION

28. Plaintiffs reallege paragraphs 1-27 as if set forth here in full.

29. From January 2006 through the present, the Defendants converted the property of the Plaintiffs, to wit, fuel which was purchased by the Plaintiffs from Defendant Moore Oil Company, Inc.

30. Plaintiffs have demanded the return of said property and/or just compensation for said property, and the Defendants have unlawfully refused to make said compensation.

31. Plaintiffs allege that Defendant Moore Oil Company, Inc. is also liable for this conversion because it had notice or, alternatively, it negligently failed or refused to prevent said conversion.

32. Plaintiffs were damaged as a result of the conversion of this property by the Defendants.

33. Plaintiffs claim all available damages at law as a result of the conversion by the Defendants.

34. Plaintiffs claim punitive damages of the Defendants because of the Defendants' willful and oppressive conduct.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the appropriate sum to be determined by a jury, plus interest at 6% for the entire period that the Defendants were stealing said fuel from the Plaintiffs.

## COUNT III
## THEFT

35. Plaintiffs reallege paragraphs 1-34 as if set forth here in full.

36. This action is commenced under Code of Alabama 1975, § 6-5-370.

37. The conduct of the Defendants, described earlier in this Complaint, amounts to theft, the value of which would render this conduct a felony under applicable Alabama Law.

38. Pursuant to the above referenced statutory section, Plaintiffs commence this civil action for this theft.

39. Plaintiffs contend that Defendant Moore Oil Company, Inc. is also liable because it had notice or, alternatively, it negligently failed or refused to prevent said theft.

40. As a result of the theft by the Defendants, Plaintiffs suffered damages.

41.     Plaintiffs claim all available damages under applicable Alabama Law as a result of the Defendants' theft.

42.     Plaintiffs claim punitive damages of the Defendants because of the Defendants' willful and oppressive conduct.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the appropriate sum to be determined by a jury, plus costs.

## COUNT IV
## BREACH OF CONTRACT

43.     Plaintiffs reallege paragraphs 1-42 as if set forth here in full.

44.     In January of 2006, Defendant Moore Oil Company, Inc. was bound by an agreement between Plaintiffs and Price Oil Company discussed earlier in this complaint, a copy of which is attached hereto as Exhibit "A".

45.     Defendant Moore Oil Company, Inc. breached said agreement by invoicing, charging, and collecting monies from the Plaintiffs under terms different than said contract and for collecting money for fuel which was not delivered to the Plaintiffs by the Defendant.

46.     Plaintiffs performed all conditions precedent under said contract, including the paying of all fraudulent invoices by the Defendant.

47.     Plaintiffs claim a reasonable attorney's fee of Defendant pursuant to the contract.

48.     Plaintiffs suffered damages a result of the Defendant's breach of contract.

49.     Plaintiffs claims all damages available under applicable Alabama Law as a result of the Defendant's breach of contract.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the appropriate sum to be determined by a jury, plus costs and any other sums permitted under Alabama Law.

## COUNT V
## NEGLIGENT/ WANTON SUPERVISION AND TRAINING

50. Plaintiffs reallege paragraphs 1-49 as if set forth here in full.

51. Defendant owed a duty to the Plaintiffs to properly supervise and monitor its drivers, to insure that the Plaintiffs received all of the fuel the Defendant billed it for and accepted payment for.

52. Upon information and belief, all of the trucks driven by the individual Defendants who were committing the theft referenced earlier in this Complaint, had GPS or other monitoring devices, wherein the Defendant should have known that its drivers were not delivering the proper amount of fuel to the Plaintiffs. Furthermore, Defendant Moore Oil Company, Inc. received earlier complaints about inventory discrepancies from its customers.

53. Defendant breached its duty to the Plaintiffs by failing to properly monitor and supervise its employees, when it had the means to do so, and industry custom required that it do so. Furthermore, Defendants acted in reckless disregard to the fact that Plaintiffs were being stolen from.

54. The theft by the individual Defendants was so blatant as to give Defendant Moore Oil Company, Inc. notice that said theft was taken place.

55. Defendant Moore Oil Company, Inc.'s failure to uncover and correct the theft is a further breach of duty owed to the Plaintiffs as its customer.

56. As a proximate result of the Defendant's negligence and/or wantonness, Plaintiffs have suffered damages.

57. Plaintiffs claim all available damages under applicable Alabama Law as a result of the Defendant's negligence and/or wantonness, including punitive damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the appropriate sum to be determined by a jury.

### COUNT VI
### FRAUD

58. Plaintiffs reallege paragraphs 1- 57 as if set forth here in full.

59. From January 2006 through the present, Defendant Moore Oil Company, Inc. represented to the Plaintiffs that it would deliver agreed upon amounts of fuel to the Plaintiffs.

60. Defendant Moore Oil Company, Inc. represented to the Plaintiffs that it would properly invoice the Plaintiffs for the fuel that was delivered.

61. Furthermore, Defendant represented to the Plaintiffs that it would charge the Plaintiffs, based upon the pricing in the assumed Price Oil contract with the Plaintiffs.

62. All of the above-referenced representations by the Defendant Moore Oil Company, Inc. were false, and Defendant knew they were false, or, were false, and were recklessly made by Defendant, or were false and made by Defendant by mistake, but with the intention that Plaintiffs should rely upon them.

63. Plaintiffs reasonably relied on said representations by continuing to do business with Defendant Moore Oil Company, Inc. and by continuing to pay all of the false invoices which contained the over charging.

64. As a proximate result of Defendant's fraudulent conduct, Plaintiffs suffered damages.

65. Plaintiffs claim all applicable damages available under Alabama Law.

66. Plaintiffs claim punitive damages of the Defendants due to Defendant's fraudulent conduct.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the appropriate sum to be determined by a jury, plus costs.

Respectfully submitted this the 25th. day of May, 2008.

James B. Douglas, Jr.
Attorney for Plaintiffs
P.O. Box 1423
Auburn, AL 36831-1423
(334) 821-1596
ASB 8935-u83j

Patrick C. Davidson
122 Tichenor Ave.
Auburn AL 36830
(334) 501-2985
ASB 4602-A43P

## JURY DEMAND

Pursuant to rule 38 of the Federal Rules of Civil Procedures, Plaintiffs demand trial by struck jury.

Respectfully submitted this 25th day of May, 2008.

James B. Douglas, Jr.