# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RM&JW, INC. d/b/a** | ) |
| **JUNCTION CITGO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:10-cv-408-RDP |
| | ) |
| **MOORE OIL CO., INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## ANSWER AND COUNTERCLAIM

Defendant Moore Oil Co., Inc. ("Moore Oil") hereby submits this Answer and Counterclaim in the above-styled cause.

## ANSWER

### First Defense

Moore Oil responds as follows to the specifically-numbered paragraphs of the Complaint:

1.    This paragraph requires no response, because Lafayette Texaco and the individual owner plaintiffs have settled and released their claims against Moore Oil, and they are not plaintiffs in this action.

2. This paragraph requires no response because The Village Mart at Southside has settled and released its claims against Moore Oil, and is not a plaintiff in this action.

3. Admitted upon information and belief.

4. This paragraph requires no response because Bridges Enterprises, Inc. has settled and released its claims against Moore Oil, and is not a plaintiff in this action.

5. This paragraph requires no response because YPCB Fuel LLC has settled and released its claims against Moore Oil, and is not a plaintiff in this action.

6. Upon information and belief, Moore Oil admits that Keith Smith is a resident of Alabama. Moore Oil denies the remaining allegations of this paragraph because Smith is not a defendant in this action, is no longer employed by Moore Oil, and was never a manager for Moore Oil.

7. Admitted upon information and belief, except Jason Janes is not a defendant in this action.

8. Admitted upon information and belief, except Mike Burch is not a defendant in this action.

9. Admitted upon information and belief, except Mark Parish is not a defendant in this action.

10. Admitted.

11. Moore Oil adopts and incorporates its preceding responses as if set forth fully herein.

12. Denied. Upon information and belief, the plaintiff is no longer in the business of the retail sale of gasoline.

13. Denied. Moore Oil no longer supplies fuel to the plaintiff.

14. Denied. There are no individual defendants in this action.

15. Denied. There are no individual defendants.

16. Denied.

17. Denied.

18. Denied. On or about October 17, 2006, the plaintiff and Moore Oil entered into a new Motor Fuel Supply Contract. Price Oil was never a party to that contract.

19. Moore Oil admits that its Motor Fuel Supply Contract with the plaintiff contains provisions for fuel and freight pricing, but otherwise states that the agreement speaks for itself.

20. Denied.

21. Denied.

22. Moore Oil adopts and incorporates its preceding responses as if set forth fully herein.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Moore Oil admits only that its business activities affect interstate commerce, but denies any allegation that it is or has ever been engaged in any racketeering activity.

30. Denied.

31. Denied. Moore Oil further denies that the plaintiff is entitled to any of the relief sought in Count I, and denies that the plaintiff has the right to demand a jury trial.

32. Moore Oil adopts and incorporates its preceding responses as if set forth fully herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Moore Oil admits that the plaintiff seeks damages, but denies that it committed conversion, and denies that any damages should be awarded to the plaintiff.

38. Moore Oil admits that the plaintiff seeks punitive damages, but denies that it engaged in any willful or oppressive conduct, and denies that punitive damages should be awarded. Moore Oil further denies that the plaintiff is entitled to any of the relief sought in Count II, and denies that the plaintiff has the right to demand a jury trial.

39. Moore Oil adopts and incorporates its preceding responses as if set forth fully herein.

40. Moore Oil admits only that the plaintiff purports to seek relief under the referenced statute, but denies any remaining allegations of this paragraph.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Moore Oil admits that the plaintiff seeks damages, but denies that any theft occurred, and denies that any damages should be awarded to the plaintiff.

46. Moore Oil admits that the plaintiff seeks punitive damages, but denies that it engaged in any willful or oppressive conduct, and denies that punitive damages should be awarded. Moore Oil further denies that the plaintiff is entitled to any of the relief sought in Count III, and denies that the plaintiff has the right to demand a jury trial.

47. Moore Oil adopts and incorporates its preceding responses as if set forth fully herein.

48. Denied.

49. Denied.

50. Denied.

51. Moore Oil admits that the plaintiff seeks attorney's fees, but denies that the plaintiff is entitled to an award of fees under the Motor Fuel Supply Contract or the law.

52. Denied.

53. Moore Oil admits that the plaintiff seeks damages, but denies that it breached its contract with the plaintiff, and denies that any damages should be awarded to the plaintiff. Moore Oil further denies that the plaintiff is entitled to any

of the relief sought in Count IV, and denies that the plaintiff has the right to demand a jury trial.

54. Moore Oil adopts and incorporates its preceding responses as if set forth fully herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Moore Oil admits that the plaintiff seeks damages, but denies that it breached any duty owed to the plaintiff, and denies that any damages should be awarded to the plaintiff. Moore Oil further denies that the plaintiff is entitled to any of the relief sought in Count V, and denies that the plaintiff has the right to demand a jury trial.

62. Moore Oil adopts and incorporates its preceding responses as if set forth fully herein.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Moore Oil admits that the plaintiff seeks damages, but denies that any damages should be awarded to the plaintiff.

70. Moore Oil admits that the plaintiff seeks punitive damages, but denies that it engaged in any fraudulent conduct, and denies that punitive damages should be awarded. Moore Oil further denies that the plaintiff is entitled to any of the relief sought in Count VI, and denies that the plaintiff has the right to demand a jury trial.

Moore Oil denies any allegation not expressly admitted herein.

## Second Defense

The plaintiff is not entitled to a jury trial. The Motor Fuel Supply Contract between the plaintiff and Moore Oil contains a jury waiver provision, and the plaintiff has previously consented to a bench trial.

## Third Defense

The plaintiff has failed to state its fraud and civil RICO claims with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## Fourth Defense

The plaintiff failed to mitigate any damages it may have suffered.

## Fifth Defense

Count I, for alleged violations of the Racketeer Influenced and Corrupt Organizations Act, fails to state a claim upon which relief can be granted.

## Sixth Defense

Some or all of the plaintiff's claims are barred by the statute of limitations.

## Seventh Defense

The plaintiff's negligence claim is barred by its own contributory negligence.

## Eighth Defense

The plaintiff's claims are barred or limited by contract, and in particular, without limitation, by its own failure to comply with contractual requirements concerning suspected fuel delivery shortages.

## Ninth Defense

The plaintiff's claims are barred by one or more of the doctrines of laches, estoppel, and waiver.

**Tenth Defense**

The plaintiff's claims are barred by its failure to report any suspected fuel shortages to ADEM, as required by law.

**Eleventh Defense**

Moore Oil pleads the defense of *in pari delicto*.

**Twelfth Defense**

Moore Oil acted in good faith and with the honest belief in the truth of its representations to the plaintiff at all times.

**Thirteenth Defense**

An award of punitive damages in this case would violate Moore Oil's rights to procedural and substantive due process and to equal protection of the law under the Fifth and Fourteenth Amendments to the Constitution of the United States, U.S. Const. Amends. V, XIV, § 1, the excessive fines provision of the Eighth Amendment to the Constitution of the United States, U.S. Const. Amend. VIII, and Article I, Sections 1, 6, 13 and 15 of the Constitution of the State of Alabama, in that: (a) Alabama law provides inadequate standards or criteria for the determination of whether punitive damages should be imposed; (b) the standards or criteria provided by Alabama law for the determination of whether punitive damages should be imposed are impermissibly vague and indefinite; (c) Alabama law provides inadequate

standards or criteria upon which a trier of fact may rely in determining the amount of a punitive damage award; (d) the standards or criteria provided by Alabama law for determining the amount of a punitive damage award are impermissibly vague and indefinite; (e) the procedures pursuant to which punitive damages may be awarded permit the imposition of different penalties for the same or similar acts; (f) the procedures pursuant to which punitive damages may be awarded under Alabama law fail to provide reasonable limits on the amount of punitive damages awarded; (g) Alabama law permits the imposition of punitive damages in excess of the amount permitted or required under statutes providing civil remedies or fines for the same or similar conduct, including willful conduct; (h) Alabama law permits the imposition of punitive damages in excess of the maximum criminal penalties for the same or similar conduct; (i) Alabama law permits the imposition of punitive damages, which are penal in nature, upon a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases; (j) Alabama law permits the imposition of punitive damages that are grossly excessive and bear no rational or reasonable relationship to a defendant's conduct or culpability or to the actual harm suffered by a plaintiff; and (k) the procedures pursuant to which punitive damages may be awarded under Alabama law permit the imposition of punitive damages in an amount

exceeding that reasonably necessary to accomplish any legitimate goals or policies of the State of Alabama.

### Fourteenth Defense

The plaintiff's claim for recovery of punitive damages is barred by *Ala. Code* § 6-11-20.

### Fifteenth Defense

The plaintiff's claim for recovery of punitive damages is barred or limited by *Ala. Code* § 6-11-21.

### Sixteenth Defense

The plaintiff's claim for recovery of punitive damages is barred by *Ala. Code* § 6-11-27.

### Seventeenth Defense

Moore Oil reserves the right to request leave of Court to add such further or supplemental defenses as may be appropriate based upon information obtained or developed through discovery.

## **COUNTERCLAIM**

Pursuant to Rules 13, 19, and 20 of the Federal Rules of Civil Procedure, Moore Oil states as follows for its Counterclaim against the plaintiff and counterclaim defendant Richard Matthews ("Matthews"):

1.      Matthews is an individual adult resident citizen of Chambers County, Alabama.  Matthews is Vice President, or other officer, owner, or agent, of the plaintiff RM&JW, Inc.

2.      On or about October 17, 2006, Moore Oil and the plaintiff entered into a Motor Fuel Supply Contract.  Matthews signed the Motor Fuel Supply Contract on behalf of the plaintiff, as its Vice President and duly authorized owner or agent.  Among other things, the Motor Fuel Supply Contract gave Moore Oil the exclusive right to supply gasoline and diesel fuel to the plaintiff at a specified mark-up for a period of seven (7) years, that is, until October 17, 2013; and required the plaintiff to market the gasoline and diesel fuel to its retail customers under the Citgo brand.

3.      At or around the time he executed the Motor Fuel Supply Contract on behalf of the plaintiff, Matthews also executed a personal Guaranty in favor of Moore Oil, pursuant to which Matthews guaranteed the plaintiff's obligations and debts to Moore Oil under the Motor Fuel Supply Contract.

4.	On or about June 30, 2009, the plaintiff and Matthews notified Moore Oil that they would no longer purchase motor fuel from Moore Oil, despite the fact that more than four (4) years remained on the term of the Motor Fuel Supply Contract.

5.	On or about July 1, 2009, the plaintiff and Matthews sold the Junction Citgo facility to a third party. The third party did not assume the plaintiff's obligations under the Motor Fuel Supply Contract with Moore Oil, and subsequently rebranded the store from the Citgo brand to a competitor's brand.

6.	As a direct result of the foregoing, Moore Oil suffered substantial damages, including, but not limited to, reimbursement expenses paid to Citgo for the debranding of the plaintiff's store, and lost profits that Moore Oil otherwise would have enjoyed had the plaintiff fulfilled its contractual obligations through the end of the seven-year term.

### Count One - Breach of Contract

7.	The plaintiff breached its obligations under its Motor Fuel Supply Contract with Moore Oil, as described above, causing Moore Oil to suffer damages.

WHEREFORE, Moore Oil requests that this Court enter a judgment in its favor and against the plaintiff for compensatory damages in such amount as the Court determines to be appropriate, plus interest, costs, and attorney's fees in accordance

with the terms of the Motor Fuel Supply Contract, together with such further and different relief to which Moore Oil is entitled.

## Count Two - Breach of Guaranty

8. By virtue of the personal Guaranty provided by Matthews in favor of Moore Oil, Moore Oil is entitled to recover from Matthews all amounts for which the plaintiff is liable as a result of the plaintiff's breach of the Motor Fuel Supply Contract.

9. Because he guaranteed the plaintiff's debts and obligations to Moore Oil, Matthews is properly added to this action in his individual capacity as a counterclaim defendant under Rule 20, or alternatively, Rule 19, of the Federal Rules of Civil Procedure.

WHEREFORE, Moore Oil requests that this Court enter a judgment in its favor and against Richard Matthews for compensatory damages in such amount as the Court determines to be appropriate, plus interest, costs, and attorney's fees in accordance with the terms of the Motor Fuel Supply Contract and Guaranty, together with such further and different relief to which Moore Oil is entitled.

Done this 6th day of August, 2010.

/s/ Charles K. Hamilton
Charles K. Hamilton
Bainbridge, Mims, Rogers & Smith, LLP
600 Luckie Building, Suite 415
Post Office Box 530886
Birmingham, Alabama 35253
(205) 879-1100
(205) 879-4300 (fax)
khamilton@bainbridgemims.com

Attorney for Moore Oil Company, Inc.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 6, 2010, I electronically filed the foregoing **Answer and Counterclaim** using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                  s/ Charles K. Hamilton
                                                 Of Counsel